IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT POLSON and**
**MARY POLSON,**

**Plaintiffs,**

v.

**COTTRELL, INC.,**
**JACK COOPER TRANSPORT**
**COMPANY, and GENERAL MOTORS**
**CORPORATION,**

**Defendants.**                                                       No. 04-CV-822-DRH

<u>**ORDER**</u>

**HERNDON, District Judge:**

        Pending before the Court is Plaintiffs' motion to seal (Doc. 50).  The motion states "GM has informed another attorney working on similar cases on April 15, 2005, that a certain Exhibit attached by Plaintiffs to their response might be the subject of a protective order but no claim of impropriety by GM would be lodged.... out of an abundance of caution [plaintiffs] hereby request the Court seal said Exhibit to avoid any appearance of impropriety until this matter is resolved."

        The Court **DENIES** Plaintiffs' motion to seal (Doc. 50).  While a district court may issue a protective order sealing a document, it may do so only on a showing of good cause.  **FED.R.CIV.P. 26(c)**; *see also **Seattle Times Co. v.***

*Rhinehart*, 467 U.S. 20 (1984); *Worrell Newspapers of Indiana, Inc. v. Westhafer*, **739 F.2d 1219, 1224 n.4 (7th Cir. 1984)**.  Here, the Plaintiffs have not provided the Court with a copy of the protective order that purportedly pertains to the Exhibit and General Motors has not complained to the Court about the document violating a protective order.  Thus, the Court **GRANTS** Plaintiffs leave to file another motion to seal that properly addresses the provisions of **Rule 26(c)** and that does not ignore this Court's role and duty in issuing protective orders.

    **IT IS SO ORDERED.**

    Signed this 10th day of May, 2005.

    /s/   David RHerndon

**United States District Judge**