IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT POLSON and**
**MARY POLSON,**

**Plaintiffs,**

**v.**

**COTTRELL, INC.,**
**and GENERAL MOTORS**
**CORPORATION,**

**Defendants.**                                              **No. 04-CV-882-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

**I. Introduction and Background**

Pending before the Court is Defendant General Motors Corporation's motion for summary judgment (Doc. 33). General Motors argues that it is entitled to summary judgment on Plaintiffs' claims against it as General Motors is not liable to Plaintiffs on any of the theories of recovery asserted in the complaint. Plaintiffs oppose the motion (Doc. 43). Based on the pleadings, the applicable case law and the following, the Court grants the motion for summary judgment.

On October 10, 2004, Plaintiffs Robert and Mary Polson filed a seven-count complaint in the Madison County, Illinois Circuit Court against Cottrell, Inc.

("Cottrell"), Jack Cooper Transport Company ("Jack Cooper") and General Motors Corporation ("General Motors") (Doc. 2).  The Polsons' claims arise from a February 19, 2003 incident wherein Robert Polson ("Polson") was injured while operating the chain and ratchet tie down system of a rig designed and distributed by Cottrell as part of his duties as car hauler for Jack Cooper.  Count I is against Cottrell for strict liability; Count II is against Cottrell for negligence; Count III is against Cottrell for breach of implied warranty; Count IV is against General Motors for negligence; Count V is against all Defendants based on a conscious disregard theory; Count VI is brought by Mary against all Defendants for loss of consortium and Count VII is against Jack Cooper for an intentional tort.

On December 1, 2004, Cottrell removed the case to this Court based on the federal diversity statute, **28 U.S.C. § 1332** (Doc. 1).  That same day, both Jack Cooper and General Motors filed consents to the removal (Docs. 3 & 4).  On May 17, 2005, the Court dismissed Jack Cooper with prejudice finding that it was fraudulently joined (Doc. 62).

On February 19, 2003, Robert Polson was hauling vehicles for his employer, Jack Cooper.  Polson contends that he injured his neck, spine and related areas in the process of tying down a vehicle to the auto hauler.  Polson claims that he was hauling General Motors vehicles at the time of the incident.[1]  Polson also

---

[1] Although the complaint does not allege that he was working with or hauling General Motors vehicles, Polson's response to summary judgment states that he was.  Thus for the purposes of this motion, the Court will assume that he was transporting General Motors vehicles. (Doc. 42, ps. 1, 2)

claims that his trailer did have quick release ratchets.[2]

The manufacturer of the automobile trailers at issue was Cottrell. The Polsons contend that General Motors is liable, however, because it placed certain requirements and restrictions on the manufacturers as to the type of securement system that could be used in hauling its vehicles and that it allegedly participated in the design, testing and approval of the auto hauler.

## II. Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c)**; *Wyatt v. UNUM Life Insurance Company of America*, 223 F.3d 543, 545 (7th Cir. 2000); *Oates v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, 192 F.3d 616, 621-22 (7th Cir. 1999). The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Insurance Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999).

---

[2] A quick release system is used to engage the teeth of the ratchet barrel during the tightening process and also to hold the ratchet in place until unloading. The quick release system requires the driver, at unloading, to insert a winch bar into the end of the quick release and pull the bar to release the tension on the ratchet.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. **EEOC v. Sears, Robuck & Co., 233 F.3d 432, 436 (7th Cir. 2000)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). Accord Starzenski v. City of Elkhart, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 117 S. Ct. 683 (1997); Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994)**.

### IV. Analysis

In Count IV, Polson asserts a negligence claim against General Motors. Polson claims that General Motors, by requiring a certain type of securement system as a condition of transporting its vehicles, owed a duty to Polson and others like Polson to ascertain whether said design use would be reasonably safe for the rig users and that General Motors was negligent in violating that duty.

It is axiomatic that a necessary element of a negligence claim in Illinois is a duty owed by the defendant to the plaintiff. **See, e.g. York v. Stiefel, 99 Ill. 2d 312, 320 (Ill. 1983)**. "Unless a duty is owed, there is no negligence." **LaFever v. Kemlite Co., 185 Ill. 2d 380, 388 (Ill. 1998)**. Whether a duty exists is a question of law to be determined by the Court. **Id**.

Illinois cases repeatedly rejected negligence theories of liability in situations like this one. For example, in ***Dowling v. American District Telegraph Co.*, 1988 WL 93939 (N.D. Ill. 1988)**, the district court rejected the claim of an injured employee of McKesson that ADT by contracting with McKesson to provide a security signaling service, had assumed a duty to protect employees from work injuries, pointing out "the very limited contractual obligation" involved there. ***Id.* at *8**. "ADT never agreed to take charge of the McKesson plant and provide (or insure) a safe workplace.... McKesson did not delegate to ADT, nor did ADT assume, a duty of care to protect McKesson employees from injury." ***Id.*** Likewise, in ***Yassin v. Certified Grocers of Illinois, Inc.*, 150 Ill. App. 3d 1052 (Ill. App. 1986)**, the court concluded that a grocery cooperative which provided inspection services was not liable to the injured child of a grocery store customer, finding "no indication that [defendant's inspection] was intended as a substitute for protection that the grocery store would otherwise provide its customers or its employees." ***Id.* at 1070**.

Similarly here, there is no evidence that General Motors undertook, by training or otherwise, to instruct drivers employed by the independent hauling companies how to secure and unsecure vehicles in a manner that would avoid injury to the driver. In this case, it is clear that Polson's employer provided such training.

Furthermore, General Motors is the customer of Jack Cooper, who in turn is the customer of the alleged defective product's designer and manufacturer, Cottrell. General Motors collaborated with trailer manufacturers and carriers

through the General Motors Haulaway Committee to exchange ideas and discuss proper methods for hailing General Motors vehicles. General Motors did this as a customer. At most, in the course of communications with its "suppliers" (the auto haulers), General Motors obtained information concerning injuries to drivers. General Motors approved of the allegedly defective ratchet system for use in transporting its vehicles and disapproved of other designs which would have been safer for automobile haulers. It did not specify the design to be used, but merely accepted or rejected the tie down systems developed by the designers. It did this to ensure the safety of its products. By doing so, however, General Motors did not undertake to participate in the design or manufacture of the tractor-trailer.

Further, the Polsons have failed to demonstrate that General Motors assumed the duty of making the tractor-trailers safe for drivers. General Motors left the design of the system up to the manufacturer's designers. It merely rejected certain tie down systems as not meeting its needs as a customer. While General Motors was the only company that could approve such systems for the equipment that carried its cars and trucks, the Polsons have failed to show that General Motors determined or undertook in any way to determine how other automobile manufacturers secured and transported their cars and trucks.

Extension of liability for negligence is inappropriate because General Motors did not render safety services to the drivers. General Motors did not provide services to the drivers which were necessary for their protection and are not liable under the theory of negligence. Nor did it train the drivers who utilized the allegedly

defective ratchet system.

The Polsons fail to articulate a basis in Illinois law for *any* duty by General Motors to Polson or any employee of the companies that General Motors hires to transport its automobiles. Thus, the Court grants General Motors' motion for summary judgment on Count IV, the negligence claim.

In Count V, Polson asserts a conscious disregard claim for punitive damages. Polson's punitive damages are improper. Any conduct by General Motors was extra-territorial. **Continental Trend Resources, Inc. v. OXY USA, Inc., 101 F.3d 634, 636-637 (10th Cir. 1996), cert. denied, 520 U.S. 1241 (1997)("[T]he punitive damages must relate to conduct occurring within the state")**. Here, Polson has not produced any evidence that General Motors "profited" from its alleged misconduct, whether in Illinois or elsewhere. Indeed, as a customer of the car haulers, General Motors would have paid for the shipment of its cars and trucks. Therefore, the Court grants General Motors' motion for summary judgment on Count V, the conscious disregard claim.

In Count VI, Mary Polson alleges a claim for loss of consortium against General Motors. Because the Court finds that General Motors is entitled to summary judgment on Polson's negligence and conscious disregard claims, the Court also finds that General Motors is entitled to summary judgment on her claim. To recover on a loss of consortium claim, the deprived spouse must prove "liability on the part of the defendant . . ." **Seaman v. Wallace, 561 N.E.2d 1324, 1338 (Ill. App.**

**1990)**. A loss of consortium claim is derivative in nature, thus its viability depends on the success of the injured spouse's claims. ***See McCreary v. Libbey-Owens-Ford Co.,* 132 F.3d 1159, 1167 (7th Cir.1997)**. Accordingly, the Court grants General Motors' motion for summary judgment on Count VI, the loss of consortium claim.

Moreover, the Polsons have not offered anything new that would warrant this Court to deviate from its past rulings finding that General Motors is not liable under very similar circumstances. ***See Sweeney v. Ryder*, 98-CV-4213-DRH (November 6, 2000 Doc. 219);** ***Gruber v. Ryder*, 99-CV-0310-DRH (November 6, 2000, Doc. 231);** ***Sanders v. Ryder*, 00-CV-0302-DRH (April 5, 2001, Doc. 64)**. Thus, the Court finds that General Motors is entitled to summary judgment on all of the Polsons' claims against it: Counts IV, V and VI.

### V. <u>Motion in Limine</u>

In the event that the Court granted General Motors' motion for summary judgment, the Polsons moved in limine to preclude attempts by Cottrell to blame auto manufacturers, or the trailer purchasers which ordered trailers in conformity with auto manufacturer requirements or to reference industry standards at trial.

A manufacturer's obligation to manufacture and sell a product which is not unreasonably dangerous cannot be delegated, so it is not a defense to the manufacturer that another person, including the claimant's employer failed to make it free from unreasonably dangerous conditions. ***Turney v. Ford Motor Co.*, 94 Ill.**

**App.3d 678, 684 (Ill. App. 1981)**. The defense that contributory fault or negligence of a worker's employer was the sole or proximate cause of a claimant's injury cannot be asserted when defendant did not file a third-party action. ***Robertson v. General Tire and Rubber Co.*, 123 Ill.App.3d 11, 16-17 (Ill. App. 1984)**. Because this Court's grant of summary judgment in favor of General Motors removes General Motors as a party to this case, the remaining Defendant Cottrell cannot proceed with the "empty chair" defense. Thus, the Court **GRANTS** the Polsons' motion in limine.

### VI. Conclusion

Accordingly, the Court **GRANTS** General Motors Corporation's motion for summary judgment (Doc. 33). The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of General Motors Corporation and against Robert and Mary Polson on Counts IV, V and VI at the close of the case. Further, the Court **GRANTS** the Polsons' alternative motion in limine (Doc. 42). Lastly, the Court **DENIES** the Polsons' motion to strike (Doc. 47).

**IT IS SO ORDERED**.

Signed this 18th day of May, 2005.

/s/   David RHerndon
**United States District Judge**