IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT POLSON and
MARY POLSON

Plaintiffs,

v.

COTTRELL, INC.,

Defendant.                                          No. 04-0882-DRH

## ORDER

**HERNDON, District Judge:**

Now before the Court is Plaintiffs' motion to bar Cottrell's Expert Dr. Ted Bain (Doc. 94). Specifically, Plaintiffs move to bar Dr. Bain from testifying arguing that Defendant failed to abide by the Court's scheduling and discovery Order by not tendering Dr. Bain timely for deposition. Defendant opposes the motion asserting that Plaintiffs never raised the discovery issue with Cottrell and they did not set up a discovery conference with the Court to address the issue.

Based on the pleadings before the Court, the Court denies the motion. It is clear from the parties' submissions that this is a discovery dispute that should have been worked out among counsel before Plaintiffs filed the instant motion to bar. It is also clear from the submissions that Plaintiffs' counsel failed to reasonably try to work out the dispute with Defendant's counsel to obtain an agreeable date and time for Bain's deposition. The Court finds no reason to sanction Defendant based

on these circumstances.

Likewise, the Court denies Plaintiffs' motion to bar Dr. Bain insofar as it appears to be brought pursuant to **FEDERAL RULE OF EVIDENCE 702**. Plaintiffs argue that the Court should bar Dr. Bain's testimony because it is a preliminary report and that he conducted a "paper review" that is irrelevant. Defendant counters that Plaintiffs have misconstrued Dr. Bain's opinion – that Mr. Polson's back injury is a degenerative condition known as degenerative disc disease. The Court agrees with Defendant.[1]

The admissibility of expert testimony in federal court proceedings is governed by **FEDERAL RULE OF EVIDENCE 702**, as interpreted by the Supreme Court in ***Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)**. ***Daubert*** requires the trial judge perform a gatekeeping function with respect to expert testimony. The trial judge must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." ***Id.* at 589**, an inquiry required also for technical and other specialized expert testimony. ***See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)**. The Seventh Circuit, interpreting ***Daubert***, has established that when evaluating the admissibility of the proffered

---

[1] The Court finds Plaintiffs argument that Dr. Bain's opinions are "preliminary" and, therefore should be disregarded is disingenuous. A review of Dr. Bain's report reveals that Dr. Bain qualified his opinions by stating that "The opinions expressed herein, to a reasonable degree of medical and engineering probability, reflect my conclusions based upon the information reviewed and the analysis performed as of this date." Dr. Bain's report further states "As additional information is made to me, or as new facts are uncovered during the investigation and discovery process, my professional opinions may change to reflect the newfound information." (Doc. 101, Exhibit 4, p. 5). Clearly, his opinion is a "final" opinion.

testimony, district courts are to undertake a two-step inquiry:

> Daubert first "directs the district court to determine whether the expert's testimony pertains to scientific knowledge. This task requires that the district court consider whether the testimony has been subjected to the scientific method; it must rule out 'subjective belief or unsupported speculation.'" Second, the district court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue. That is, the suggested scientific testimony must 'fit' the issue to which the expert is testifying."

***O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1106 (7th Cir. 1994) (quoting *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607, 613 (7th Cir. 1993)(citations omitted))**.

While the Supreme Court did "not presume to set out a definitive checklist or test," it did list several factors that should be considered including: (1) whether a scientific theory or technique has been or can be tested; (2) whether the scientific theory has been subjected to peer evaluation and publication; (3) the actual or potential error rate and existence of any standards controlling the technique's operation; and (4) whether the theory has been generally accepted in a particular field. ***Daubert*, 509 U.S. at 595**. The test of reliability, however, is flexible and there is no requirement that the district judge consider each one of the factors when making an admissibility ruling. ***Id.*; *Bourelle v. Crown Equip. Corp.*, 220 F.3d 532, 535 (7th Cir. 2000)**.

The purpose of the rule in ***Daubert*** "was to make sure that when

scientists testify in court they adhere to the same standards of intellectual rigor that are demanded of their professional work." **Rosen v. Ciba-Geigy Corp., 78 F.3d 316, 318 (7th Cir.),** *cert. denied,* **519 U.S. 819 (1996)**. **FEDERAL RULE OF EVIDENCE 703** explicitly permits reliance on material "reasonably relied upon by experts in the particular field forming opinions or inferences." **FED. R. EVID. 703**. "[Seventh Circuit] case law has recognized that experts in various fields may rely properly on a wide variety of sources and may employ a similarly wide choice of methodologies in developing an expert opinion." **Cooper v. Nelson, 211 F.3d 1008, 1020 (7th Cir. 2000)**. An expert must be limited to opinion testimony in the area of expertise for which the proffering party can qualify the expert. **Goodwin v. MTD Products, Inc., 232 F.3d 600 (7th Cir. 2000)**. Once qualified, expert can testify to his or her area of expertise, regardless of whether the expert is prepared to offer an opinion as to the ultimate issue. **Smith v. Ford Motor Company, 215 F.3d 713 (7th Cir. 2000)**.

    Dr. Bain opines that Mr. Polson's back injury is a degenerative condition known as degenerative disc disease ("DDD") and that "Mr. Polson's cervical DDD and spondylosis were the result of repetitive neck movements over many years and would not have been made symptomatic or been aggravated by any one single event. In summary, Mr. Polson's DDD and spondylosis, and subsequent investigations and treatments , are not causally related to the subject event." (Doc. 101, Exhibit 4, p. 4),

The Court finds that Dr. Bain's testimony is sufficiently reliable and relevant and will assist the trier of the fact in understanding the evidence or determining a fact in issue, as required by **FED. R. EVID. 702**. All of his proposed testimony relates to the facts at issue in the case. He further provides citations to medical authority to support his positions. Dr. Bain's methodology is acceptable under the gatekeeping requirements of **FED. R. EVID. 702** and his testimony is admissible. Any attack by Plaintiff as to the weight of Dr. Bain's testimony is a subject appropriate for cross examination.

Accordingly, the Court **DENIES** Plaintiffs' motion to bar Cottrell's expert Dr. Ted Bain (Doc. 94).

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2006.

/s/        David   RHerndon
**United States District Judge**