IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT POLSON and
MARY POLSON

Plaintiffs,

v.

COTTRELL, INC.,

Defendant.                                          No. 04-0882-DRH

MEMORANDUM and ORDER

HERNDON, District Judge:

### I. Introduction and Background

Now before the Court is Cottrell Inc.'s motion for summary judgment (Doc. 85) and Plaintiff's motion to strike (Doc. 95). Based on the applicable case law, the pleadings and the following, the Court denies both motions.

On October 10, 2004, Plaintiffs Robert and Mary Polson filed a seven-count complaint in the Madison County, Illinois Circuit Court against Cottrell, Inc. ("Cottrell"), Jack Cooper Transport Company ("Jack Cooper") and General Motors Corporation ("General Motors") (Doc. 2). The Polsons' claims arise from a February 19, 2003 incident wherein Robert Polson ("Polson") was injured while operating the chain and ratchet tie down system of a rig designed and distributed by Cottrell as part of his duties as car hauler for Jack Cooper. Specifically, Polsons' complaint alleges that the design of the Cottrell rig is defective because the rig was equipped

with vehicle securement systems unreasonably prone to sudden releases and which require excessive force to operate. Count I is against Cottrell for strict liability; Count II is against Cottrell for negligence; Count III is against Cottrell for breach of implied warranty; Count IV is against General Motors for negligence; Count V is against all Defendants based on a conscious disregard theory; Count VI is brought by Mary against all Defendants for loss of consortium and Count VII is against Jack Cooper for an intentional tort.

On December 1, 2004, Cottrell removed the case to this Court based on the federal diversity statute, **28 U.S.C. § 1332** (Doc. 1). That same day, both Jack Cooper and General Motors filed consents to the removal (Docs. 3 & 4). On May 17, 2005, the Court dismissed with prejudice Jack Cooper finding that it was fraudulently joined (Doc. 62). The next day, the Court granted summary judgment in favor of General Motors and granted Plaintiffs' motion in limine finding that Cottrell could not proceed with the "empty chair" defense (Doc. 63). Subsequently, Cottell filed a motion for summary judgment (Doc. 85). The Court now turns to address the merits of that motion.

## II. Facts

On February 19, 2003, Robert Polson was hauling vehicles for his employer, Jack Cooper. He was at a the Super 8 parking lot in McClean, Illinois when he tried to tighten a chain that had come loose in transport on a Chevrolet Tahoe he was hauling on his rig manufactured by Cottrell. Polson was securing the Tahoe to the A-5 position (the rearmost, lower deck position on the rig) when the tie

down chain gave, he slipped on the frozen gravel and hurt his back.

Polson testified that he found a loose chain on the left rear of the Tahoe during his pre-trip inspection. His testimony states that he "went to the cab and got a tie down bar, came back to tighten the chain." (Doc. 85-1, p. 90). He further testified that he "went to pull on the chain and something gave. I – I don't know whether the chain fell off a bolt or whether the bottom of the roller was wore or – but the chain give and my feet give, and I let go of the bar with one hand and reached around to my left with my right hand on the bar trying to catch myself, and I never fell to the ground. I caught myself with my hand, and – … felt my back give away." (Doc. 85-1, p. 91).

Polson also testified that he does not know exactly what happened. (Doc. 85-1, p. 92). "All I know for sure is that the bar slipped and allowed me to go, and the bar didn't – the bar popped like that and let me go." (Doc. 85-1, p. 95). Polson thinks that the bar he was holding jerked about two inches at the most (Doc. 85-1, p. 92). Polson also testified that he was pulling hard enough on the bar to take the slack out of the chain and make sure the vehicle was secure. (Doc. 85-1, p. 103-104).

In her report, Linda Weseman, Polsons' expert, opines that "Polson's injury was a direct result of the ratchet system design requiring the operator to exert excessive force levels to operate it." (Doc. 85-4, p. 8). She also states that Cottrell's design "is defective and unreasonably dangerous due to the high force levels typically used in its operation in conjunction with the design being such that it permits

sudden releases." (Doc. 85-4, p.9). She further opines that the system, as designed, is prone to sudden releases. (Doc. 85-4, p. 4). Her report indicates that sudden releases can be caused by a number of system malfunctions, including chains breaking or dislodging from the cargo unit, chains slipping, chains settling, wearing of the idlers and other system components . (Doc. 85-4, p. 4). These malfunctions are a result of the system design and should be classified as similar sudden releases (Doc. 85-4, p. 4).[1] She also animadverts that "it is clear that alternate feasible designs that would have prevented accidents have been around for many years and were available at the time any car hauling unit on the road today was manufactured." (Doc. 85-4, p. 9).

### III. Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Wyatt v. UNUM Life Insurance Company of America,* **223 F.3d 543, 545 (7th Cir. 2000);** *Oates v. Discovery Zone,* **116 F.3d 1161, 1165 (7th Cir. 1997);** *See also Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Wollin v. Gondert,* **192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual

---

[1] Weseman defines a "sudden release" as a sudden change of force and when accompanied by the exertion of high force levels on the part of the driver, lead to driver injuries.

disputes in favor of the non-movant. ***Schneiker v. Fortis Insurance Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999)**.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***EEOC v. Sears, Robuck & Co.*, 233 F.3d 432, 436 (7th Cir. 2000)**. No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Accord *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 117 S. Ct. 683 (1997); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**.

## Analysis

Cottrell argues that it is entitled to summary judgment based on the following: Plaintiffs lack evidence of proximate causation; and Plaintiffs' expert witness does not meet the ***Daubert*** standard.

Under Illinois law, a products liability action involves the concept of proximate cause; it is an essential element of the action. A plaintiff must show that the alleged product defect proximately caused the injury complained of – and this is done by showing the "natural and continuous sequence of events unbroken by any

effective intervening cause." **Kleen v. Homak Manufacturing Co., Inc., 321 Ill. App. 3d 639, 641, 255 Ill. Dec. 246, 249, 749 N.E.2d 26, 29 (5th Dist. 2001)(citation omitted)**. There are two separate components to proximate cause: legal cause and cause in fact. **Id. at 642, 255 Ill. Dec. at 249, 749 N.E. 2d at 29 (citations omitted); see also TIG Ins. Co. v. Giffin Winning Cohen & Bodewes, P.C., 444 F.3d 587, 591 (7th Cir. 2006)(citing First Springfield Bank & Trust v. Galman, 188 Ill.2d 252, 242 Ill. Dec. 113, 720 N.E.2d 1068 (1999); Abrams v. City of Chicago, 211 Ill.2d 251, 285 Ill. Dec. 183, 811 N.E.2d 670 (2004))**.

Cause in fact is demonstrated when a defendant's conduct played "'a material element and a substantial factor in bringing about the injury'" so that the injury would not have occurred *but for* the defendant's conduct. **Kleen, 321 Ill. App. 3d at 642, 255 Ill. Dec. at 249, 749 N.E.2d at 29 (quoting First Springfield Bank & Trust v. Galman, 188 Ill.2d 252, 258, 242 Ill. Dec. 113, 720 N.E.2d 1068, 1072 (1999); citing Lee v. Chicago Transit Authority, 152 Ill.2d 432, 455, 178 Ill. Dec. 699, 605 N.E.2d 493, 502 (1992))**. Legal cause involves the question of foreseeability, asking "'whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct.'" **Id. (quoting First Springfield Bank & Trust, 188 Ill.2d at 258, 242 Ill. Dec. 113, 720 N.E.2d at 1072)**. The issue of proximate causation is only proper for disposition in a summary judgment motion when there is no remaining material issue of fact or only one clearly evident which can be reached; otherwise, it is a matter best left for

the trier of fact. ***Id*. at 641, 255 Ill. Dec. at 249, 749 N.E.2d at 29 (citing *Williams v. University of Chicago Hospitals*, 179 Ill.2d 80, 88, 227 Ill. Dec. 793, 688 N.E.2d 130, 134 (1997))**.

Cottrell contends that it is entitled to summary judgment because the Polsons cannot prove causation. Specifically, Cottrell argues that while the Polsons offer "expert" opinion (through Weseman) that the chain and ratchet system is allegedly generally defective and that Polson slipped (through Plaintiff), what they lack is evidence that the alleged defect in any way proximately caused Polson's accident. Plaintiff counters that at no time have they thought that they could hold Cottrell liable for an injury merely because Polson was using a Cottrell trailer. The Polsons argue that the defect is in the ratchet and tie down system that Polson was using. Polson contends that the alleged defects are the high force levels and the propensity for sudden releases. The Polsons allege that this is what caused Polson's injury. The rig operated that day in question was manufactured by Cottrell. Examining the record, drawing reasonable inferences and resolving factual disputes in favor of the Polsons, the Court finds that there remains a question of fact as to whether Polsons' accident was caused due to a design defect or user negligence which precludes a grant of summary judgment in Cottrell's favor based on its proximate causation argument.

Defendant lastly challenges the admissibility the opinions of Plaintiffs' expert witness, Linda Weseman, under the standard established by the United States

Supreme Court in ***Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)** [more appropriately a motion pursuant to Federal Rule of Evidence 702]. Without specifically addressing the parties' arguments on this issue, the Court merely conveys that it is inappropriate for Defendant to raise the issue of Ms. Weseman's competence under Rule 702 as part of its summary judgment motion. That matter is the subject of a stand-alone motion so that the issue can be fully developed and the proponent of the expert can have full benefit of devoting an entire memorandum to support why she is qualified under Rule 702. Further, the Court can then determine if a hearing on the matter is necessary. In the absence of such stand-alone motion, the Court must assume that the movant is not serious about its challenge (especially given the Court's familiarity with the history of the combative litigation between counsel for the parties). Defendant should have filed a motion pursuant to Rule 702 first and then the Summary Judgment motion. Therefore, the Court finds at this time that Defendant is also not entitled to summary judgment based on this argument.

### IV.  Motion to Strike

Next, Plaintiffs move to strike Defendant's reply brief (Doc. 95). In its reply brief, Cottrell states in a footnote that upon inspection of the trailer the ratchet in question and nearby idlers were not manufactured by Cottrell (Doc. 93, p. 3 fn. # 1). This footnote became the impetus of Plaintiffs' motion to strike Defendant's reply arguing that this is the first time Cottrell has argued that the ratchet and a

nearby idler were found to have been modified (Doc. 95).  Plaintiffs argue that this is improper in a reply brief and that Cottrell intended for the Court to believe that this modification pre-dated Polson's injury.  Plaintiffs argue, in the motion to strike, that Cottrell's expert report does not support this impression as Cottrell's expert did not inspect the trailer until three years and four months after the accident.  Polsons also argue that Cottrell waited until the reply to make this suggestion so that Plaintiffs would not have an opportunity to respond.  In response, Cottrell maintains that it never intended to leave that impression with the Court and that it presented the argument to attack Plaintiff's' expert.  Cottrell states that it did not have this information when it moved for summary judgment in May 2006; that its expert did not inspect the trailer until June 9, 2006 and it filed its response reflecting these finding on July 14, 2006 (Doc. 102).  Lastly, Cottrell contends that the maintenance records for the trailer at issue supports the position that the ratchet was replaced prior to the accident (Doc. 102, Exhibits A & B).  Based on the contentious history between the attorneys in these cases and the circumstances of this case, the Court denies the motion to strike.  The Court previously admonished the parties as to their litigation practices and now heeds the parties to act professionally and to follow the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit, the Federal Rules of Civil Procedure and the Local Rules of this judicial district while practicing in this Court.

## V. Conclusion

Accordingly, the Court **DENIES** Defendant's motion for summary judgment (Doc. 85) and Plaintiff's motion to strike (Doc. 95). Further, the Court **DENIES as moot** Defendant's motion to stay ruling on motion to bar Plaintiff's expert pending ruling first on Cottrell's motion for summary judgment and suggestions in support (Doc. 124). The Court notes that in the event that the Court grants Cottrell's motion to bar Plaintiff's expert, the Court would consider a motion for leave to re-file a summary judgment motion.

**IT IS SO ORDERED.**

Signed this 15th day of February, 2007.

                                                /s/          David   RHerndon
                                                **United States District Judge**