IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT POLSON and**
**MARY L. POLSON,**

**Plaintiffs,**
v.                                                                          No. 04-CV-882-DRH
**COTTRELL, INC., et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Pending before the Court are Plaintiffs' motions in limine (Doc. 150). Defendant concedes some of the motions and objects to some of the motions (Docs. 162 & 163). Based on the following, the Court grants and denies Plaintiffs' motions in limine.

  1. Plaintiffs move to exclude any evidence that Plaintiff has consumed illegal drugs or alcoholic beverages. Defendant does not object to this unless this issue is raised first by Plaintiff. Thus, the Court **GRANTS** this motion.

  2. Plaintiffs move to exclude any evidence of smoking habits by Plaintiff. Defendant does not object to this motion. Thus, the Court **GRANTS** this motion.

  3. Plaintiffs move to exclude any evidence of traffic tickets, criminal arrests or convictions. Defendant does not object to this unless this issue is raised first by Plaintiffs. Thus, the Court **GRANTS** this motion.

  4. Plaintiffs move to exclude any reference to prior marriages and

divorces including marital separations. Defendant does not object to this motion. Thus, the Court **GRANTS** the motion.

   5. Plaintiffs move to exclude any evidence of other injuries to the Plaintiff as Defendant has failed to make a showing of causation by competent and properly disclosed expert testimony. Defendant objects to this motion. Said motion is **DENIED**. Based on the Court's prior ruling denying Plaintiffs' motion to exclude the testimony of Dr. Bain and the reasoning cited therein, the Court finds that this evidence is relevant. Moreover, the Plaintiff now pleads injury to the same area of the body subsequent to the first injury. Prior and subsequent injuries and conditions that may have contributed to the injuries complained of at bar are relevant and subject to inquiry.

   6. Plaintiffs move to exclude any evidence of collateral sources including medical insurance, health or accident benefits. Defendant does not object to this motion unless this issue is raised first by Plaintiffs. Thus, the Court **GRANTS** this motion.

   7. Plaintiffs move to exclude any reference during trial to the action, inactions or fault of non-parties which Defendant did not join as a third party defendant. Defendant objects arguing that it should be allowed to explain why this 1995 rig was designed and sold the way it was as part of this was its customer's request for a manual chain-and-ratchet system. The Court agrees with Defendant. Said motion is **DENIED**. ***See Rosenberg v. Cottrell, Inc.*, 05-0545-MJR (Doc.**

281; July 12, 2007); *Leonardi, Admr. Of the Estate of Michela Lopez, et al. v. Loyola Univ. of Chicago et al.*, 168 Ill. 2d. 83 (1985).

8. Plaintiffs move to exclude any evidence or arguments that Plaintiffs' recovery is not subject to federal income taxes. Defendant objects to this motion. Said motion is **GRANTED**.

9. Plaintiffs move to exclude any evidence supportive of Cottrell affirmative defenses numbered 1-9, 13-22. Defendant does not intend to submit any instructions on affirmative defenses 2, 3, 4, 5, 6, 13, 14 & 16. Thus, the Court **DENIES as moot** Plaintiffs' motion as affirmative defenses 2, 3, 4, 5, 6, 13, 14 & 16. However, Defendant objects to the motion as to the remaining affirmative defenses. The Court agrees with Defendant as to the balance of the motion. Plaintiffs' motion as to affirmative defenses 1, 7, 8, 9, 15, 17, 18, 19, 20, 21 and 22 is an inappropriate means to seek discovery sanctions. Thus, the Court **DENIES** the motion as to those remaining affirmative defenses. To the extent that said defenses are valid affirmative defenses and there is admissible evidence relative thereto, the Defendant is permitted to pursue its theories of defense.

10. Plaintiffs move to exclude any reference to the contents of any training or warning in Cottrell's Manual or Loading Manuals. Defendant objects to this motion arguing that the warnings that came with the rig are relevant to Plaintiffs' claim that Defendant failed to warn him and whether Plaintiff properly performed the tie-down at issue. The Court agrees with Defendant. Thus, the Court **DENIES** this

motion.

11. Any reference to Plaintiffs' counsel as the filer of lawsuits for plaintiffs who have filed suit. Defendant objects to this motion arguing that this would prevent Defendant from cross-examining Plaintiffs' expert on her bias, because Plaintiffs' counsel has used her literally dozens of times and because Plaintiffs may attempt to impeach Defendant's experts by referral to the amount of money Defendant has paid them. The Court agrees with Defendant. Said motion is **DENIED**.

12. Plaintiffs move to exclude any reference to the Lakin Law Firm other than to ask in voir dire if any jurors have ties with the firm. Defendant objects to this motion. Said motion is **DENIED**. That is not to say that counsel may argue that any alleged wrongs of Plaintiff's firm or the attorneys who are or have been members thereof are attributable to Plaintiff, but it cannot be avoided that Plaintiff is represented by the Lakin Law Firm among others for purposes of *voir dire* and documents which will be seen by the jury.

13. Plaintiffs move to exclude any reference to Defendant's warranty disclaimer. Defendant objects to this motion. Said motion is **DENIED**. This matter is clearly relevant.

14. Plaintiffs move to exclude any reference to any other courts' rulings barring Plaintiffs' expert from testifying. Defendant does not object to this motion. Thus, the Court **GRANTS** the motion.

15.  Plaintiffs move to exclude any opinions by Elwood Feldman. Defendant does not object to this motion unless this issue is raised first by Plaintiff. Thus, the Court **GRANTS** the motion.

16.  Plaintiffs move to exclude any reference to the number of uses of Defendant's product or numbers of cars hauled.  Defendant objects to this motion arguing that the reference in number of units or cars hauled and the absence of injuries is relevant to Defendant's defense of lack of defect.  The Court agrees with Defendant.  Said motion is **DENIED**.  Plaintiff will be putting in numbers of accidents and it is relevant as well as fundamentally fair to allow defendant to put in numbers such as these counter to such evidence to give the jury a complete picture.

Accordingly, the Court **GRANTS** and **DENIES** Plaintiffs' motions in limine (Doc. 150).

**IT IS SO ORDERED.**

Signed this 22nd day of August, 2007.

/s/        DavidRHerndon<br>**United States District Judge**