IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT POLSON and**
**MARY L. POLSON,**

**Plaintiffs,**

**v.**                                                         **No. 04-CV-882-DRH**

**COTTRELL, INC.,**

**Defendant.**

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

       Now before the Court is Cottrell Inc.'s consolidated motion in limine (Doc. 147) and Plaintiffs' response to the motion (Doc. 155). Based on the following, the Court, grants in part and denies in part Cottrell's consolidated motion in limine.

       1. Defendant moves to exclude any reference to pretrial discovery positions in this and other litigation. Said motion is **GRANTED**. Pretrial issues have no place for discussion in front of the jury. Further, the Court finds these issues irrelevant to the issues at bar.

       2. Defendant moves to exclude any reference to the size, locations, or specialization of defense counsel's law firm. Said motion is **GRANTED**. Such matters are irrelevant to the issues at bar.

       3. Defendant moves to exclude any reference to disputes between Plaintiff and his employer. Said motion is **GRANTED** as such matters are irrelevant.

4. Defendant moves to exclude any reference to Plaintiff's wage losses and medical expenses not timely and adequately disclosed. Said motion is **GRANTED** as immaterial since not claimed.

5. Defendant moves to exclude any reference to the terms "strictly liable" and/or "strict liability." Said motion is **GRANTED**. These words have no legal significance since they are not used in the jury instructions and are subject to misinterpretation by the jury.

6. Defendants move to exclude any reference that Cottrell should have adopted design changes which are claimed to merely be safer. Said motion is **GRANTED**. Without proper foundation in fact and law, these matters are inadmissible.

7. Defendant moves to exclude any reference to any changes in the rig's design, including changes to the warnings/instructions manual, subsequent to the accident. Said motion is **GRANTED**. Remedial changes post-accident are generally inadmissible.

8. Defendant moves to exclude any reference to alternative designs not present when the trailer was manufactured in 1995. Said motion is **GRANTED**. Such evidence is irrelevant.

9. Defendants move to exclude any reference to the alleged defects in the rig not specifically related to Plaintiff's accident. Said motion is **GRANTED**. Such evidence is irrelevant.

10. Defendants move to preclude Plaintiffs from attempting to improperly impeach witnesses. Said motion is **GRANTED**. As posed in the motion, the particular method sought to be precluded is inappropriate and will be prohibited.

11. Defendants move to exclude any reference that the knowledge of other manufacturers should be imputed to Defendant simply because Defendant hired former employees of other. Said motion is **GRANTED**. There is no legal or evidentiary vehicle to impute such knowledge to the Defendant in the scenario posed by the motion.

12. Defendants move to exclude any reference that Defendant should have informed its employees or customers of what Plaintiffs' counsel inappropriately refer to as "industry reports," requested accident and injury reports and training records, or should have conducted additional investigation into injuries allegedly caused by Defendant's trailers. Said motion is **GRANTED**. There isn't sufficient evidence to demonstrate that the equipment and incidents discussed therein are the same as and substantially similar enough, respectively, to be relevant to the jury's inquiry at bar. Furthermore, it is clear that the Plaintiff, based on his response, will not be able to lay a foundation in order to overcome the hearsay objection.

13. Defendant moves to exclude any reference of other incidents, injuries, claims or lawsuits not substantially similar to Plaintiff's accident. Said motion is **GRANTED**. Without substantial similarity to the Plaintiff's accident, such

other incidents are irrelevant.

14. Defendant moves to exclude any reference to statements contained in Defendant's patent applications. Based on the rationale argued by the Defendant, said motion is **GRANTED**.

15. Defendant moves to exclude any reference to punitive damages. Said motion is **DENIED**. The Court is not at all certain that this case is appropriate for punitive damages, should the Plaintiff choose to discuss in opening statements and risk the possibility of losing integrity with the jury when it holds him accountable for his misrepresentations, that is a risk he will have to weigh. It is not a subject the Court feels compelled to prohibit, anymore than it feels compelled to prohibit the Defendant from discussing possible defenses it later is precluded from instructing on because it has failed to adduce evidence in support of.

16. Defendant moves to exclude any reference that Defendant did not invite Plaintiffs' counsel or experts to be present when Defendant's experts performed their testing, evaluation, or preparation. Said motion is **GRANTED**. Defendant is not required to invite Plaintiff's experts and comments by Plaintiff in that regard may confuse the jury into believing the rules somehow require it.

17. Defendant moves to exclude any expert opinions not timely and adequately disclosed. Said motion is **GRANTED**. If the rules of disclosure were not complied with, experts opinions in contravention thereof will not be allowed.

18. Defendant moves to exclude any references to Robert Polson having

a permanent injury that would prevent him from working or future lost wages.  On the basis that the Court understands that no discovery has been forthcoming to date to suggest that the Plaintiff will suffer any future wage loss, said motion is **GRANTED**.

19.  Defendant moves to exclude any reference to the *Bader v. Cottrell* verdict, its amount, the result of any appeal, or other verdicts or settlements in car-hauler cases.  Said motion is **GRANTED,** because the case is irrelevant to the juries consideration of the case at bar.

20.  Defendant moves to exclude references or questions as to how many times Defendant has been sued or how many times a witness has testified before this trial.  Said motion is **GRANTED** as to how many times Defendant has been sued and **DENIED** as to how many times a witness has testified before this trial.

21.  Defendant moves to exclude any questions as to whether Defendant's witnesses "like" Plaintiffs' counsel.  Said motion is **GRANTED** as the question is not relevant and is not probative of material evidence.  The Plaintiff does not suggest it reveals an issue of bias.

22.  Defendant moves to exclude reference to Defendant's motion for summary judgment being denied in this case.  Said motion is **GRANTED**.  The Court's rulings of law are clearly irrelevant to the jury's findings.

23.  Defendant moves to preclude Plaintiffs' speculative testimony that other drivers will not testify because of fear of repercussions from their employer.

Said motion is **GRANTED**.  Without more than just speculation, the Court cannot allow the jury to consider anything that amounts to rank speculation.

24.  Defendant moves to preclude questions regarding individual compensation of Defendant's employees.  Said motion is **GRANTED**.  As the matters are presented by the parties in the briefs, this issue is clearly irrelevant.

25.  Defendant moves to exclude evidence of injury reports of drivers of Cassens Transport.  Said motion is **GRANTED**.  These matters are irrelevant, without a showing of similarity to the case at bar.

26.  Defendant moves to preclude any opinions or other testimony from Plaintiff's treating physicians from outside the scope of their medical treatment.  Said motion is **GRANTED**.

**IT IS SO ORDERED.**

Signed this 23rd day of August, 2007.

/s/     DavidRHerndon
**United States District Judge**