IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT POLSON and**
**MARY L. POLSON,**

**Plaintiffs,**

**v.**                                                        No. 04-CV-882-DRH

**COTTRELL, INC.,**

**Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court are several motions in limine filed by Defendant (Docs. 139, 140, 141, 142, 143, 144, 145, 146 and 148) and Plaintiffs' response to the motions (Doc. 156). The Court rules as follows:

Doc. 139 – Defendant's motion in limine regarding the GM Haulway minutes. The Court **DENIES** at this time this motion. The Court finds that this would appear to have relevance on this issue of notice, but the Court first must determine if the appropriate foundation can be established.

Doc. 140 – Defendant's motion in limine regarding the 1990 Ryder ACD document. The Court **DENIES** at this time this motion. This evidence goes to issues of notice and forseeability provided again that Plaintiff can lay the proper foundation.

Doc. 141 – Defendant's motion in limine regarding the Anchor Motor Freight study. The Court **DENIES** at this time this motion. Plaintiff will have to

establish foundation and admissibility at trial, but the Court cannot say with certainty that this is inadmissible.

Doc. 142 – Defendant's motion in limine regarding the Miller document. The Court **DENIES** at this time the motion. Plaintiff will have to lay the appropriate foundation, including absence of it being too remote in time.

Doc. 143 – Defendant's motion in limine regarding the BJC document. The Court **DENIES** at this time the motion. Plaintiff will have to lay the appropriate foundation.

Doc. 144 – Defendant's motion in limine regarding the Irvine Report. The Court **GRANTS** the motion. This report is too remote in time; it deals with a different type of trailer and it deals with different types of accidents. Further, the Court finds that it is hearsay.

Doc. 145 – Defendant's motion in limine regarding the Flanagan Expert Report from *Heprner v. Delvan*. The Court agrees with Defendant. The Report is hearsay and irrelevant to the issues at bar. Thus, the Court **GRANTS** the motion.

Doc. 146 – Defendant's motion in limine regarding the Leaseway document. The Court **DENIES** at this time the motion. Plaintiff will have to lay the appropriate foundation.

Doc. 148 – Defendant's motion in limine regarding the Drury Reports and the Mayne Report. The Court **GRANTS** the motion. The Court finds that these reports are irrelevant. There is not sufficient evidence to demonstrate that the

equipment and incidents discussed therein are the same as and substantially similar enough, respectively, to be relevant to the jury's inquiry at bar. Moreover, the equipment used by the drivers in those reports pre-date 1990 and the trailer in this case was manufactured in 1995. Furthermore, it is clear that the Plaintiffs, based on their response, will not be able to lay a foundation in order to overcome the hearsay objection.

**IT IS SO ORDERED.**

Signed this 23rd day of August, 2007.

/s/      DavidRHerndon
**United States District Judge**